UNITED STATES DISTRICT COURT
FOR THE MAINE DISTRICT

| | |
|---|---|
| PRIMARY PRODUCTIONS LLC<br>On behalf of themselves and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.<br>Defendant. | CLASS ACTION<br>SHERMAN ACT<br><br>Case 21-cv-137-JDL<br><br>**NOTICE OF<br>NON-OPPOSITION<br>AND DEFAULT** |

## PLAINTIFF'S NOTICE OF NON-OPPOSITION

Defendant Apple has moved for an enlargement of time to respond to Plaintiff's complaint on July 12, 2021, rather than June 8, 2021, as required by the FRCP. As Apple's motion states, Plaintiff sought conditions in order to assent to a deadline extension, namely, Plaintiff sought assurance that Apple would not file a frivolous 12(b)(6) motion as a dilatory tactic. Because it could be construed as condoning improper litigation behavior, Plaintiff is in no way able to assent to a motion to allow Apple to file a 12(b)(6) that it believes will be sanctionable under Rule 11. Otherwise, Plaintiff would and does assent to an extra thirty days to file the Answer to the Complaint.

Apple is represented by top ranked litigation firm Gibson Dunn, although they have not yet petitioned for *pro hac vice* admission. Apple's stated reason for needing a time enlargement is a somewhat uncompelling argument that they are involved in "other complex litigation," which would seem to always be the case for Gibson Dunn.

As noted in the complaint, this counsel represents clients proceeding in the New Hampshire district, and soon other districts, suing Apple under similar Sherman Act claim theory. Since taking on the first case in NH, counsel has heard from nearly a dozen startups who all had app ideas effectively stolen by Apple, under a clear pattern of pretextual reasons and legal stonewalling. To date, Apple has used dilatory tactics to avoid answering the NH claims filed six months ago.[1]  In six months, *Epic* was almost halfway done with discovery and scheduling a

---

[1] A 12(b)(6) motion that Plaintiff 'failed to state a claim' essentially requires Apple to state that Plaintiff failed to plead any cognizable market definition pursuant to Sherman. In February, Apple filed a 12(b)(6) accusing this counsel of "grandiosity" in defining a market as "all smartphone enhanced internet commerce." In April, Apple made similar accusations pertaining to an SAC alternative market definition, the so-called Kodak downstream theory cited throughout academic journals, congressional reports, and the *Epic* lawsuit.  On the final day of the *Epic* Bench Trial, Judge Gonzales Rogers questioned *both sides* whether the Kodak downstream theory was the best theory to pursue, or a broader definition, which she proposed as "all smartphone games" as the correct marketplace definition, which is quite similar to "all smartphone enhanced internet commerce," of which Apple controls 80%. It would seem the emerging application of Sherman law to Big Tech points towards a market definition that doesn't

bench trial. Counsel is determined to bring to light the harassing tactics Apple uses against his firms' clients, simply because Apple feels they can get away it with startups who, unlike *Epic,* cannot afford Top 5 national litigation firms. Nonetheless, counsel is not going to be the first to start the motion practice that Apple so desires, and as such, assents – with notice of reservation – to the requested enlargement of time.

Apple filed two similar requests for enlargement of time answering these claims for a separate startup proceeding in New Hampshire. In those cases, Apple requested *expedited* adjudication, which the NH court did not grant, forcing Apple to file responsive 12(b)(6) pleadings twice, near midnight.

In this case, rather than filing at midnight, Apple willfully chose to default feeling that they, and Gibson Dunn, are above the Federal Rules of Civil Procedure. The Clerk is hereby noticed of Apple's willful default in the case that the Court wishes to take *sua sponte* action. That Apple chose to default on what is potentially the largest class action in history says something about their arrogance. Plaintiff has decided not to file a motion for entry of default (but is not opposed to *sua sponte* action), as Plaintiff believes adjudication on the merits will ultimately lead to a favorable outcome.

Recognizing a pattern of violations that seriously jeopardize this country's all-important software sector, counsel has made substantial effort to obtain assistance from the FTC and DOJ antitrust enforcement departments. The DOJ expended significant resources decades ago against Microsoft for web browser placements that were considered "too dominate." Based on what counsel has deduced from his clients, Apple's monopoly over distribution of nearly *every single*

---

stray too far from this "grandiose" idea. In any case, this refinement can occur up until the last day of trial. Apple is on notice that filing yet another frivolous 12(b)(6) in the Maine courtroom will likely result in sanctions.

piece of software makes older tech antitrust tech concerns pale in comparison. Plaintiff reserves the right to join the government in this case under the Administrative Procedure Act (APA).

PLAINTIFF HEREBY ASSENTS TO THE FILING OF AN ANSWER, OR OTHER DOCUMENTS BASED ON DEMONSTRATED GOOD CAUSE, NO LATER THAN JULY 12 2021.

Respectfully submitted, this 10th day of June 2021.

/s/ Keith Mathews
Keith Mathews
Maine Bar No. 5382
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 10th day of June 2021.

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff