UNITED STATES DISTRICT COURT
FOR THE MAINE DISTRICT

|  |  |
|---|---|
| PRIMARY PRODUCTIONS LLC<br>On behalf of themselves and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.<br>Defendant. | CLASS ACTION<br>SHERMAN ACT<br><br>Case 21-cv-136-JDL<br><br>**REPLY**<br>**TO SHOW CAUSE**<br>**RE CORPORATE DISCLOSURE** |

## PLAINTIFF'S AMENDED RESPONSE TO JUDGE RICH'S ORDER TO SHOW CAUSE RE CORPORATE DISCLOSURE

In compliance with Local Rule 7.1, all members[1] of Primary Productions are hereby disclosed: Dr. Robert Fleisher, and his son, Andrew. Both are United States natural born citizens and there are no foreign investors, members, or owners of Primary Productions. The LLC was founded about ten years ago, and has never had any other member-owners, individually or corporate. The LLC manages a diverse portfolio of creative works, including legal fiction thrillers, retro-rock music albums, children's novels, smartphone apps, and movie scripts for various genre. Andrew developed the edutainment app, subject of this litigation, after the creation of Primary Productions. Andrew was the original inventor of the app, before (as stated in the complaint) development was outsourced to a firm in Lviv, Ukraine. Contrary to Gibson Dunn's objection, this is a relatively simple "father & son" pass-through business without any complex corporate structure.

As background, on June 10th, the Court set a June 17th deadline to comply with Local Rule 7.1, pertaining to the filing of a corporate disclosure statement. Counsel, understanding this to be a father & son noncorporate entity, did not believe any corporate disclosure pertained to this pass-through tax entity. It remains unclear to counsel if this amounts to accidental omission of the full corporate structure as defined under Local Rule 7.1 The Court subsequently filed an order to show cause, requiring Plaintiff to respond by July 1, 2021 as to the corporate disclosure.

---

[1] An LLC is generally considered a "noncorporate" entity devoid of shareholders. Profits are delegated through pass-through to its "members." Hence it is unclear whether or not Local Rule 7.1 refers to "owners" or "members," or neither, which is the case with Federal Rule of Civil Procedure 7.1. Essentially, Apple faults Plaintiff for not timely completing a corporate disclosure on a noncorporate entity. To put to rest this frivolous allegation raised by Apple, we declare all member "owners" of Primary Productions LLC.

Before filing the response to the show cause order on June 24, Counsel telephoned his client to double check if they had any corporate parent, which they do not. Counsel then filed a form, a federal template derived from the New Hampshire district website, stating Primary Productions has no controlling corporate entity.

Opposing counsel has since filed an objection to the show cause reply, correctly pointing out that Counsel used the New Hampshire federal template form, to file in the Maine federal district. As Rule 7.1 disclosure is intended for efficient screening of potential recusal conflicts, Gibson Dunn now seeks to improperly obtain early discovery using Rule 7.1 – notably after Apple delayed discovery in related case *Coronavirus Reporter* for half a year by filing false and dilatory pleadings.

Maine, unlike the other district this counsel has been admitted, expands FRCP Rule 7 to require naming individual owners of a corporation. Plaintiff is an LLC, rather than a corporation, so it remains unclear to counsel what exactly represents the correct response to the Local Rule. If this truly was an unfortunate oversight of Maine local rules, the Court can be assured it will not occur again. However, the LLC's membership information does not cause any material change in standing. Primary Productions is the legal entity that represents the app in question, and Primary Productions did not sign the DPLA. The DPLA is alleged to be a monopolistic contract, illegal under Sherman Act because it heavily restricts commerce, and as stated in the Complaint, inappropriately "tells developers how they must run their own business." Here, that is precisely what Apple and its Gibson Dunn henchmen appear to be setting up to do: accuse Primary Productions, and/or the filing entity[2], of somehow running its business incorrectly.

---

[2] Apple has gone to great lengths authoring so-called developer "agreements," forcing an *ad nauseum* list of rules upon developers. These anti-competitive contracts obscure the fact that developers are in fact producing apps for the Apple monopsony that, in turn, buys apps for $0. As this litigation unfolds, we will see that the Developer Agreement would, under anti-trust law, be more aptly named "Apple's Uncompensated App Demands." This

Apple's attempt to obtain early discovery on via the corporate disclosure form is seemingly an attempt to distract counter Plaintiff's forthcoming expedited discovery motion, which is necessary to protect the millions of independent developers represented by the putative class action complaint.

Respectfully submitted, this 6th day of July 2021.

/s/ Keith Mathews
Keith Mathews
Maine Bar No. 5382
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 6th day of July 2021.

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff

---

counsel is the first to apply monopsony theory in such a way to protect the developers of free apps. Apple casts antitrust laws as outdated, applying to archaic situations of railroad workers exploited by the robber barons. When the jury understands the exploitation of the class of developers denied app publication, who work millions of person-years for no benefits or pay, it will be clear that labor exploitation is alive and well in Apple's digital age.