UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| PRIMARY PRODUCTIONS LLC, on behalf of itself and all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>APPLE INC.<br><br>*Defendant*. | Civil Action No. 21-cv-00137-JDL |

## APPLE INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

On July 12, 2021, Defendant Apple Inc. ("Apple") timely moved to transfer this case to the U.S. District Court for the Northern District of California, pursuant to the mandatory forum-selection clause in the Apple Developer Program License Agreement (the "DPLA") and under 28 U.S.C. § 1404(a). *See* ECF No. 18. Plaintiff did not file a response to the transfer motion within the specified time, and thus "shall be deemed to have waived objection" to the requested relief. Local Civ. R. 7(b).

To be sure, Plaintiff filed an amended complaint on August 2; but nothing about that filing mooted Apple's motion to transfer venue. As the District of New Hampshire recently explained as to this exact issue in a parallel case brought by Plaintiff's counsel:

> Courts to have considered the issue have routinely found that **an amended complaint does not ordinarily moot a motion to transfer venue** and that district courts have discretion to apply an earlier-filed transfer motion to a later-filed complaint. *See*, *e.g.*, *Searsboro Tel. Co., Inc. v. Qwest Commc'ns Co., LLC*, 2009 WL 10703429, at *1 (D.D.C. Aug. 5, 2009); *WowWee Grp. Ltd. v. Wallace*, 2012 WL 13013022, at *1 (C.D. Cal. Jun. 27, 2012); *see also* 28 U.S.C. § 1404(a) (authorizing sua sponte venue transfer where appropriate in the absence of a motion filed by a party). The second amended complaint adds additional counts . . . However, it contains no allegations that would alter the court's analysis under Section 1404(a). *See* 28 U.S.C. § 1404(a). Plaintiffs advance no persuasive reason why this court should formalistically deny Apple's motion to transfer when it would grant an identical motion filed one day after plaintiffs' second amended

1

>complaint. Accordingly, the filing of the second amended complaint's filing did not require Apple to refile its motion to transfer before the court could properly consider its merits.

Order, ECF No. 39 at 6–7, *Coronavirus Reporter v. Apple*, No. 21-cv-00047 (D.N.H. July 1, 2021) (emphasis added); *see also Sellers v. Whole Foods Mkt. Grp., Inc.*, 2019 WL 1455802, at *1 n.1 (W.D.N.C. Apr. 2, 2019) (considering motion to transfer even though amended complaint had subsequently been filed); *Locklair v. Conair Corp.*, 2019 WL 1316091, at *1 (D.S.C. Mar. 22, 2019) (same); *Hammond v. Wal-Mart Stores, Inc.*, 2011 WL 1668209, at *1 (E.D. Cal. May 2, 2011) (same); *Textron Fin. Corp. v. KrystalKoach, Inc.*, 2010 WL 2132662, at *1 n.1 (E.D. Mo. May 26, 2010) (concluding that amended complaint did not "moot" defendant's motion to transfer because the amended complaint did not differ from the original complaint on issues relevant to transfer); *Juilfs v. Assurance Co. of Am.*, 2009 WL 10669662, at *1–3 (N.D. Ga. July 31, 2009) (granting motion to transfer despite intervening amended complaint).

The same rationale applies with equal force here. Plaintiff's amended complaint includes zero new allegations connecting this case to Maine. *See* Decl. of Peter J. Brann ("Brann Decl."), Ex. A (redline showing changes from Complaint to Amended Complaint). If anything, Plaintiff's new RICO cause of action—which is substantially identical to a RICO count also now alleged in the *Coronavirus Reporter* action that has since been refiled in the Northern District of California, *see* Compl., ECF No. 1 ¶¶ 300–11, *Coronavirus Reporter v. Apple Inc.*, No. 21-cv-5567 (N.D. Cal. July 20, 2021)—underscores the rationale for transfer under Section 1404(b). *See* Brann Decl., Ex. B (redline showing similarities between *Coronavirus Reporter* Complaint and Amended *Primary Productions* Complaint).

Just this week, in a combative filing in *Coronavirus Reporter* filled with the sort of ad hominem attacks that this Court warned Plaintiff's counsel against using, *see* ECF No. 19, counsel described the two cases as "related," *see* Pls.' Obj., ECF No. 17 ¶ 9, *Coronavirus Reporter* (N.D.

Cal. Aug. 5, 2021). He went on to admit that the RICO claim there involves "Primary Productions" (Plaintiff here) and the "telecommunications" app referenced in the amended complaint here. *Id.* ¶ 9(d)–(e); *see* Am. Compl., ECF No. 21, ¶¶ 30, 95. This filing further demonstrates that the present case should be transferred to the Northern District of California.

Importantly, Plaintiff's amended complaint explicitly concedes that it "may be subject to . . . transfer to CAND." Am. Compl., ¶ 7 n.1. Indeed, Plaintiff has presented this Court with *no* arguments or evidence in opposition to transfer. For these reasons as well as those stated in Apple's (uncontested) motion to transfer venue, the Court should order this case transferred to the Northern District of California.

Dated: August 6, 2021

                                              Respectfully submitted,

                                              Defendant, APPLE INC.
                                              By and through its attorneys,

| */s/ Peter J. Brann* | */s/ Mark A. Perry* |
|---|---|
| Peter J. Brann | Mark A. Perry, *pro hac vice* |
| Stacy O. Stitham | Rachel S. Brass, *pro hac vice* |
| BRANN & ISAACSON | Zachary B. Copeland, *pro hac vice* |
| 184 Main Street, 4th Floor | GIBSON, DUNN & CRUTCHER LLP |
| Lewiston, ME 04243-3070 | 1050 Connecticut Avenue, N.W. |
| Tel.: (207) 786-3566 | Washington, DC 20036-5306 |
| PBrann@brannlaw.com | Tel.: (202) 955-8500 |
| SStitham@brannlaw.com | MPerry@gibsondunn.com |
| | RBrass@gibsondunn.com |
| | ZCopeland@gibsondunn.com |