UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PRIMARY PRODUCTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00137-JDL |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**Defendant's Motion
For Enlargement of Time**

Pursuant to Fed. R. Civ. P. 6(b), Defendant Apple Inc. (Apple) seeks an enlargement of time to respond to the amended complaint (Am. Compl.) of Plaintiff Primary Productions LLC, ECF No. 21, until: (1) a date set by the transferee court if Apple's pending motion to transfer is granted; or (2) until 30 days after the Court rules on Apple's pending motion to transfer, if that motion is denied. Apple seeks this enlargement to conserve the resources of the Court and the parties.

In response to Plaintiff's original complaint, ECF No. 1, Apple filed two motions. *First*, Apple filed a motion to transfer venue to the Northern District of California, ECF No. 18, which is not only the mandatory forum under the governing Apple Developer Program License Agreement, but also the forum in which Apple is headquartered, where the relevant witnesses and documents are located, and where other similar antitrust litigation is pending. In contrast, no parties and no identified witnesses are

located in Maine, and no relevant events occurred in Maine. Plaintiff did not oppose the motion to transfer, and thus the Court should grant the motion to transfer as unopposed. *See* Local Rule 7(b); *see also* Am. Compl. ¶ 7 n.1 (conceding that amended complaint "may be subject to … transfer to CAND") (ellipsis added); ECF No. 22 (Apple's reply brief explaining why amending the complaint does not constitute a response to the motion to transfer).

*Second*, Apple filed a motion to dismiss the complaint. ECF No. 17. Rather than respond to the motion to dismiss, Plaintiff filed an amended complaint. ECF No. 21. The amended complaint added 43 paragraphs to the original complaint. Am. Compl. ¶¶ 2-6, 19-27, 31, 95-98, 100-102, 245-63. Interestingly, Plaintiff now concedes in the amended complaint that some of the amended complaint "intentionally incorporates claim theories by other Apple cases" pending in the Northern District of California, which was one of the reasons Apple urged this Court to transfer this case to that district. *Id.* ¶ 101. Furthermore, the amended complaint added a new theory of recovery, namely, a racketeering charge under 18 U.S.C. § 1962(c). Am. Compl. ¶¶ 245-63. The amended complaint also altered other paragraphs that appeared in the original complaint. *Id.* ¶¶ 1, 7, 9, 30, 115, 135, 197.

Although Apple believes that the amended complaint also should be dismissed, for present purposes, it is sufficient to note that Apple's prior motion to dismiss will have to be revised and expanded to address Plaintiff's new and amended allegations

and its new federal claim. Because briefing on the motion to transfer is now complete, it is evident that the straightforward motion to transfer should be ripe for decision long before a renewed and revised motion to dismiss.

Under these circumstances, judicial economy suggests that Apple not file its motion until after this Court rules on the pending motion to transfer. At that point, it will become apparent whether the district court will apply First Circuit or Ninth Circuit caselaw to determine the viability of Plaintiffs' federal antitrust and racketeering claims. *See AER Advisors, Inc.* v. *Fid. Brokerage Servs., LLC*, 921 F.3d 282, 288 (1st Cir. 2019), *cert. denied*, 140 S. Ct. 1105 (2020) ("every Circuit … has concluded that when one district court transfers a case to another, the norm is that the transferee court applies its own Circuit's cases on the meaning of federal law") (ellipsis added and citation omitted). If the parties brief the motion to dismiss in this Court, and then the case is transferred, there would be the real possibility that the parties would need to re-brief the motion to dismiss in the Northern District of California.

Accordingly, courts have found good cause to extend a defendant's responsive-pleading deadline until after the disposition of a pending motion to transfer venue—exactly the posture here. *See Insulate SB, Inc.* v. *Abrasive Prods. & Equip.*, 2013 WL 4538261, *2 (M.D. Pa. Aug. 27, 2013); *Mir* v. *State Farm Mut. Auto. Ins. Co.*, 2019 WL 1237143, *2 (C.D. Ill. Mar. 18, 2019); *cf. Enigma Software Grp. USA, LLC* v. *Malwarebytes Inc.*, 260 F. Supp. 3d 401, 413 (S.D.N.Y. 2017) (granting defendant's motion to transfer

and declining to reach motions to dismiss and other pending motions that would be "properly resolved by the transferee court"). In short, courts recognize that there are "clear practical reasons" to grant this motion. *Insulate*, 2013 WL 4538261, at *2.

Additionally, extending the deadline will afford Apple additional, reasonable time to conduct an initial investigation related to the many new allegations and new federal claim that Plaintiff added in its amended complaint. In sum, extending Apple's responsive-pleading deadline pending resolution of its motion to transfer will not prejudice Plaintiff, but instead will avoid prejudice to the parties by eliminating potentially unnecessary and duplicative proceedings and expenses.

Apple respectfully requests that the Court grant its motion for an enlargement of time to respond to the amended complaint until: (1) a date set by the transferee court if Apple's pending motion to transfer is granted; or (2) until 30 days after the Court rules on Apple's pending motion to transfer, if that motion is denied.

Dated: August 6, 2021

/s/ Peter J. Brann
Peter J. Brann
pbrann@brannlaw.com
Stacy O. Stitham
sstitham@brannlaw.com
Brann & Isaacson
184 Main Street, 4th Floor
Lewiston, ME 04243-3070
(207) 786-3566

Mark Perry
Rachel S. Brass
Zachary B. Copeland
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
(202) 955-8500
MPerry@gibsondunn.com
RBrass@gibsondunn.com
ZCopeland@gibsondunn.com

*Attorneys for Defendant*