UNITED STATES DISTRICT COURT
FOR THE MAINE DISTRICT

| | |
|---|---|
| PRIMARY PRODUCTIONS LLC<br>on behalf of itself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br>APPLE INC.<br>Defendant. | Case: 21-cv-137-JDL |

**OPPOSITION TO APPLE INC'S REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE**

Plaintiff disagrees with the arguments presented in Defendant's motion and makes the following points in opposition.

Defendant avers that the Plaintiff's amended complaint did not moot a motion to transfer venue, but the cites provided do not include a State of Maine decision on the issue. In fact none of the listed decisions are binding upon the State of Maine. Additionally the Complaint itself indicates that multiple officers of the Plaintiff Corporation did not personally waive venue via the Apple Developer agreement relied upon by Apple. It further argues that the venue waiver is a monopolistic contract, itself a violation of the Sherman Act. These are arguments specifically raised against transfer; the Plaintiff did not acquiesce to the transfer of this case.

The Defendant's reliance on the similarities between this matter and the Coronavirus Reporter case is further misplaced. The cases factual similarities do not, in themselves merit transfer here. All suits even tangentially related to Apple should not be heard in one Court, particularly where Apple is connected to every state in the nation. The Plaintiffs in *Coronavirus reporter* could have appealed the transfer of that case to the First Circuit, deciding to dismiss and refile instead. The arguments made by Coronavirus reporter on the issue may be relevant to this

Court's decision and are incorporated by reference herein. (See Exhibit A). The strategy employed in a similar case is not enough to support a transfer of venue and the Defendant has not pointed to a single authority that has found this to be the case.

Absent evidence that the Plaintiff signed the Apple Developer agreement, transfer is not appropriate. Even if the Defendant's motion to transfer venue was not mooted by the amended complaint the motion cannot overcome the two lines of argument against transfer within that complaint. The Reply in support filed by counsel fairs no better, using nonbinding legal authority and the tactical choices of undersigned counsel with a different client in an attempt to color in their claims.

Plaintiff has alleged that the Apple Development agreement is unenforceable and that officers of the Plaintiff Company have not signed the document. The Defendant has presented no evidence to contradict these claims. Every case against Apple does not automatically transfer to the Northern District of California absent the Apple Developer agreement. As Apple has not met its burden here transfer is inappropriate.

Respectfully submitted, this 11th day of August 2021.

/s/ Keith Mathews
Keith Mathews
NH Bar No. 20997
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing was delivered electronically through the ECF system to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 11th day of August 2021.

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff