# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **PRIMARY PRODUCTIONS LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **2:21-cv-00137-JDL** |
| | ) | |
| **APPLE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER ON MOTION TO TRANSFER VENUE

On May 17, 2021, Plaintiff Primary Productions LLC ("Primary") filed a Complaint against Defendant Apple, Inc. ("Apple") alleging a series of antitrust and breach-of-contract claims (ECF No. 1).  In response, Apple filed a Motion to Transfer Venue (ECF No. 18), in which it argues that this case should be transferred to the Northern District of California pursuant to a forum-selection clause located within the Apple Developer Program License Agreement (the "DPLA") or, in the alternative, to 28 U.S.C.A. § 1404(a) (West 2021).  Primary did not oppose or object to Apple's motion, but instead filed an Amended Complaint, which adds an additional claim for violation of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C.A. §§ 1961-1968 (West 2021) (ECF No. 21).[1]

---

[1] On August 11, 2021, Primary filed what it characterized as an "Objection to Apple's Reply In Support of Motion to Transfer Venue" (ECF No. 24).  This filing is plainly a sur-reply by another name. "Neither the Federal Rules nor the Local Rules permits a party to file a sur[-]reply to the moving party's reply," *Aero Union Corp. v. Aircraft Deconstructors Int'l LLC*, No. 1:11-cv-00484-JAW, 2012 WL 3679627, at *9 (D. Me. Aug. 24, 2012), therefore, "sur-replies are disfavored and granted only in rare circumstances," *Thurlow v. York Hosp.*, No. 2:16-cv-179-NT, 2017 WL 90345, at *13 n.4 (D. Me. Jan. 10, 2017).  Primary did not request leave to file a sur-reply, and if it had I would not have granted such leave, as Primary waived objection to Apple's motion when it failed to timely oppose that motion. Therefore, I do not consider the arguments made in Primary's latest filing.

As the District of New Hampshire recently explained in a similar case brought against Apple,[2] "[c]ourts to have considered the issue have routinely found that an amended complaint does not ordinarily moot a motion to transfer venue." *Coronavirus Reporter v. Apple, Inc.*, No. 21-cv-047-LM, 2021 WL 2722985, at *4 (D.N.H. July 1, 2021) (collecting cases).  This is particularly true where, as here, the Amended Complaint makes no additional allegations connecting the case to this forum.  *See Searsboro Tel. Co. v. Qwest Commc'ns Co.*, Civil Action No. 09-1116 (RMC), 2009 WL 10703429, at *1 (D.D.C. Aug. 5, 2009) ("The real issue is whether the First Amended Complaint made this judicial district a more appropriate forum than the Southern District of Iowa. It did not.").  Accordingly, it is appropriate for me to rule on Apple's motion at this time.

Pursuant to District of Maine Local Rule 7(b), a party that fails to object to a motion within 21 days is "deemed to have waived objection."  Because Primary failed to object to Apple's motion to transfer venue, it has waived any objection to Apple's motion.  Perhaps anticipating this result, Primary's Amended Complaint concedes that it "may be subject to . . . transfer to [the Northern District of California]."  ECF No. 21 ¶ 7 n.1.

Because Apple's motion is unopposed—and because I agree that transfer is warranted pursuant to both the DPLA, *see Coronavirus Reporter v. Apple Inc.*, No. 21-cv-047-LM, 2021 WL 1946428, at *4-6 (D.N.H. May 14, 2021) (granting motion to transfer based on similar forum-selection clause), and 28 U.S.C.A. § 1404(a)—Apple's Motion to Transfer Venue (ECF No. 18) is **GRANTED**.  The Clerk's Office is directed

---

[2] The plaintiff in *Coronavirus Reporter* was represented by Primary's counsel in the instant case.

to transfer this action to the United States District Court for the Northern District of California.  All other pending motions (ECF Nos. 17, 23, 25) are **DENIED AS MOOT**, without prejudice to being refiled in the transferee court.

      **SO ORDERED.**              **Dated:  August 13, 2021**

                                           _____ **/s/ JON D. LEVY** _____
                                           **CHIEF U.S. DISTRICT JUDGE**